IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONALD G. COOK, SR. and CINDY COOK**

    **Plaintiffs,**

v.                                    **Civil Action No.** 3:14-cv-89

                                             **Judge** Groh

**UNITED STATES OF AMERICA**             Electronically Filed August 13, 2014
**NATIONAL ANESTHESIA SERVICES, INC.**

    **Defendants.**

## COMPLAINT

Plaintiff Ronald G. Cook, Sr. and Cindy Cook bring this action to obtain relief for the negligence of the defendants herein which resulted in permanent injury and pain and suffering of Ronald G. Cook, Sr. pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671 et seq., and the laws of the state of West Virginia.

## PARTIES

1. Plaintiffs Ronald G. Cook, Sr. and Cindy Cook are and were at all times relevant husband and wife residing in Martinsburg, West Virginia.
2. Defendant United States of America (for the actions of the agents, servants and/or employees of the United States Department of Veterans Affairs) is a federal governmental entity amenable to suit in this action pursuant to the Federal Tort Claims Act (FTCA) 28 U.S.C 1346(b) and 2671-2680.
3. Defendant National Anesthesia Services, Inc. is a corporation providing health care services, in Martinsburg West Virginia, by and through its agents, servants and employees, specifically caring for the plaintiff Ronald G. Cook, Sr. at the Martinsburg, West Virginia VA Medical Center at all times relevant.

## JURISDICTION AND VENUE

4. This court has jurisdiction over these claims against the defendant, United States of America, pursuant to 28 U.S.C. 1346(b) and 2671-2680.

5. This court has jurisdiction over these claims against the defendant National Anesthesia Services, Inc. pursuant to 28 U.S.C. 1367 inasmuch as the claim is so related as to form part of the same claim or controversy.
6. Venue is appropriate in the Northern District of West Virginia pursuant to 28 U.S.C. 1391(b) as the place wherein a substantial part of the events or omissions giving rise to the claim occurred.
7. The plaintiffs have exhausted their administrative remedies as required by 28 U.S.C. 2675 by filing a Standard Form 95 on the 13th day of November, 2013. A copy is attached as Exhibit 1. To date no determination has been made on the claim, however more than six months has elapsed since the filing of the same.
8. The plaintiffs have complied with the requirements of the laws of the state of West Virginia as required by West Virginia Code 55-7B-6 in that a notice of claim and certificate of merit were served upon the Martinsburg VA, the US Department of Veterans Affairs Office of Regional Counsel and National Anesthesia Services, Inc. More than 30 days have elapsed since the service of the notice of claim and certificate of merit. None of the parties has requested pre-suit mediation.

## ALLEGATIONS

9. On or about August 17, 2012, the plaintiff Ronald G. Cook, Sr. had total knee arthroplasty at the Martinsburg VA Medical Center.
10. During his total knee arthroplasty, Mr. Cook was provided anesthesia services by the defendant National Anesthesia Services, Inc. by and through its agents, servants and employees, including but not limited to its agent Kyu S. Lund, CRNA.
11. There was a shared responsibility between the operating room personnel employed by the Martinsburg VA and the agents, servants and employees of the defendant National Anesthesia Services, Inc. to appropriately position and adequately pad Mr. Cook's extremities during surgery to avoid neurological injury.
12. During Mr. Cook's surgery, the applicable standard of care was breached when the defendant National Anesthesia Services, Inc., by and through its agents, servants and employees, and the operating room personnel employed by the Martinsburg VA Medical Center failed to appropriately position Mr. Cook, failed to place adequate padding to avoid pressure on areas of bony prominence and failed to document that the appropriate

positioning and adequate padding was done during Mr. Cook's August 17, 2012 total knee arthroplasty.

13. The defendants United States of America, and National Anesthesia Services, Inc. by and through their agents, servants and employees failed to exercise the degree of care, skill and learning required or expected of a reasonable, prudent health provider acting in the same or similar circumstances.

14. As a direct and proximate result of the failure of these defendants, or any of them, to meet the standard of care, as aforesaid, the plaintiff Ronald G. Cook, Sr. suffered permanent neurologic injury resulting in loss of normal functioning of his hands.

15. As a further direct and proximate result of the failure of these defendants, or any of them, to meet the standard of care, as aforesaid, the plaintiff Ronald G. Cook, Sr. has been caused to incur divers and sundry expenses for doctors, medicines, medical care and attention and other miscellaneous expenses in an effort to effect a cure for the injuries sustained by him to date; and inasmuch as all or part of the injuries sustained by the plaintiff Ronald G. Cook, Sr. may be permanent and lasting in nature, he will in the future be caused to incur divers and sundry expenses for doctors, medicines, medical care and attention and other miscellaneous expenses in an amount not now ascertainable.

16. As a further direct and proximate result of the failure of these defendants, or any of them, to meet the standard of care, as aforesaid, the plaintiff Ronald G. Cook, Sr. will in the future suffer a diminution and reduction in capacity to engage in normal activities and to enjoy life.

17. As a further direct and proximate result of the failure of these defendants, or any of them, to meet the standard of care, as aforesaid, the plaintiff Ronald G. Cook, Sr. has endured and will endure in the future pain and suffering, mental anguish, annoyance, aggravation and inconvenience.

18. As a result of the negligence of the defendants aforesaid, the plaintiff Cindy Cook has suffered a loss of the consortium of her husband, Ronald G. Cook Sr.

WHEREFORE, the plaintiffs pray that they be granted judgment of and from the defendants in an amount to be determined and such other and further relief as the facts and the law may allow.

                                            RONALD G. COOK, SR. and CINDY COOK
                                            By Counsel

/s/ Madonna C. Estep
Madonna C. Estep, Bar no. 6878
Law Offices of Druckman & Estep
606 Virginia Street, East
Suite 100
Charleston, West Virginia 25301
304-342-0367
E-mail: madonna@druckmanlaw.com

/s/ Ted M. Kanner
Ted M. Kanner, Bar No. 4523
THE TED KANNER LAW OFFICE
606 Virginia Street, East
Suite 100
Charleston, West Virginia 25301
304-343-6300
Email: kanners@aol.com